## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TWYLA KING, individually
and on behalf of similarly situated
persons,

        Plaintiff,

v.

NATIONAL PROFESSIONAL
STAFFING, LLC, PRUDENTIAL
SECURITY, INC., CAROL DOUGLAS,
and DEREK WROBLEWSKI,

        Defendants.

Case No. 2:20-cv-10400

Hon.

Magistrate Judge

_____

David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com
_____

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

## I.    INTRODUCTION

1.    This is a collective action brought on behalf of individuals who perform

or have performed security guard services at residences and businesses for

Defendants National Professional Staffing, LLC and Prudential Security, Inc. in the State of Michigan and who are classified by Defendants as independent contractors.

2.     Defendant Prudential Security, Inc. ("Prudential") contracts with Defendant National Professional Staffing, LLC ("National") to provide security guards to perform for their customers.  Defendants control the manner in which these services are performed, and Defendants benefit from the performance of these services. The individuals who perform these services, on whose behalf this collective and class action is brought, are improperly classified as independent contractors and are thus denied the protections of state and federal wage and hour laws.

3.     Plaintiff brings claims on behalf of herself and a class of similarly situated individuals (the "technicians") who have performed security guard services and have been misclassified as independent contractors for Defendants throughout southeastern Michigan who may opt-in to this case under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*  Defendants have violated the FLSA by failing to pay these individuals time and one-half their regular rate for hours worked in excess of 40 hours per week.

## II.    JURISDICTION AND VENUE

4.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, because Plaintiff has brought a claim pursuant to the federal Fair

Labor Standards Act, 29 U.S.C. §201 *et seq*.  The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this Court because the events giving rise to this action took place with the district where Defendants do business, maintain a corporate presence, and have substantial contacts.

## III.   PARTIES.

6.     Plaintiff Twyla King is an adult resident of Warren, Michigan who provided security guard services for Defendants in Michigan while classified "independent contractor" from early January 2019  until December 2019.

7.     Plaintiff brings this action on her own behalf and on behalf of others similarly situated, including all individuals in the State of Michigan who may choose to opt-in to this action who have provided security guard services for Defendants, and who were treated as independent contractors, and thus denied overtime pay for hours worked greater than forty (40) hours per week.  Similarly situated individuals may also choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

8.     Defendant National Professional Staffing, LLC ("National") is a company having a principal place of business in Utica, Michigan, out of which it provides security guard services to businesses and individuals throughout

southeastern Michigan, and serves as a subcontractor for Defendant Prudential Security, Inc.

9.      Defendant Prudential Security, Inc. ("Prudential") is a Michigan profit corporation which conducts business throughout southeastern Michigan and has it its registered office in Milan, Michigan in this District.

10.     Defendant Carol Douglas ("Douglas") is an individual who regularly conducts business throughout southeastern Michigan, including Wayne and Macomb counties.

11.     Defendant Derek Wroblewski ("Wroblewski") is an individual who regularly conducts business throughout southeastern Michigan, including Wayne, Macomb and Washtenaw counties.

## IV.   STATEMENT OF FACTS

12.     Defendants hire individuals, including Plaintiff and others similarly situated, to perform security guard services in Michigan for their customers, as so-called "independent contractors."

13.     Although Defendants classify these security guards as "independent contractors," the nature of the services they perform, and the manner in which they perform these services, make it clear that they are actually employees who are economically dependent upon Defendants for their livelihood.

14.     Defendants required Plaintiff and other similarly situated security

guards to work 5 to 7 days each week and shifts of at least 10 hours without any scheduled breaks.

15.     Defendants required Plaintiff and other similarly situated security guards cannot take any time off or work fewer than five to seven days in a week without prior approval from Defendants.

16.     Defendant Prudential required Plaintiff and other similarly situated security guards to report at the beginning and every hour after 11:00 p.m. until their night shift ends for the day.

17.     Defendants alone decide which security guard is assigned to each location, so Plaintiff and other similarly situated security guards have no choice about which job location or shift that they will work.

18.     Defendants also required that Plaintiff and other similarly situated security guards to purchase and wear uniforms while on their shifts.

19.     As a result of Defendants' requirement that Plaintiff and other similarly situated security guards work 5-7 days a week for 10+ hours shifts with no breaks or meals, they regularly work well over forty hours each work week.

20.     Defendants paid at or near the minimum wage and failed to pay any overtime premium for hours over forty.

21.     Defendants told Plaintiff that she was illegible for overtime wages, however, she was still required to work 50-60 hours per work week.

## COUNT I
## Unpaid Overtime Violation of
## The Fair Labor Standards Act of 1938 ("FLSA")

22.     Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

23.     Defendants are employers within the coverage of the FLSA, 29 U.S.C. § 203(d).

24.      Plaintiff is an employee within the coverage of the FLSA, 29 U.S.C. § 203(d).

25.     Defendants are engaged in commerce as defined by FLSA, 29 U.S.C. §201 *et seq*.

26.     Defendants have revenues in excess of $500,000 per year during the time of Plaintiff's employment with Defendants.

27.     Defendants were required to compensate Plaintiff at 1 ½ times her regular hourly rate for hours worked in excess of 40 hours per week.

28.     Defendants' knowing and willful failure to properly pay time-and-a-half for hours worked more than forty (40) in a week to individuals performing security guard services based on their misclassification as "independent contractors" violates the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

29.     The FLSA collective includes people that worked as security guards for any Defendant but was not paid an overtime premium at any time since February 14, 2017.

30.     Defendants are liable to Plaintiff and collective members for their unpaid wages, plus an additional equal amount as liquidated damages, together with reasonable attorney fees and costs.

## JURY DEMAND

Plaintiff requests a trial by jury on her claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Permission for individuals throughout the State of Michigan, who perform security guard services for Defendants, are classified as independent contractors, and have not been paid overtime for hours greater than forty (40) worked in a week, to opt-in to this action, pursuant to § 216(b) of the FLSA;

2. All damages to which the named Plaintiff and class members may be entitled;

3. Liquidated and multiple damages as allowed by law, including double damages for the FLSA claim;

4. An injunction ordering Defendants to cease their violations of the law as described here;

5. Attorneys' fees and costs; and

6. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,


/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

Dated:  February 14, 2020