UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TWYLA KING,

       Plaintiff,

v.

NATIONAL PROFESSIONAL
STAFFING, LLC, *et al*,

       Defendants.
_____/

Case No. 2:20-cv-10400
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART THE SINGLE ISSUE REMAINING TO BE RESOLVED IN PLAINTIFF'S MOTION TO COMPEL (ECF No. 25)

This matter came before the Court for consideration of Plaintiff's motion to compel (ECF No. 25), Defendant Prudential Security, Incorporated's response in opposition (ECF No. 27), Plaintiff's reply brief (ECF No. 29), and the parties' joint list of unresolved issues (ECF No. 34), which identified one remaining unresolved issue (namely, whether Prudential should be required to produce the documents requested in Plaintiff's Document Request No. 11) (*see* ECF No. 25-3, PageID.134).  Judge Cox referred this motion to me for a hearing and determination.  (ECF No. 26.)  The parties submitted a stipulated order dismissing without prejudice Plaintiff's motion to compel, which I signed on January 22, 2021 (ECF No. 35), but they subsequently alerted the Court that the issue identified in the joint list remained unresolved.  Accordingly, a hearing via Zoom technology

was held on January 25, 2021, as previously scheduled, at which counsel appeared and the Court entertained oral argument solely regarding that issue within the motion, the rest of the motion having been resolved, as previously reported in ECF No. 34.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No. 25), to the extent not resolved by the parties' January 22, 2021 stipulated order (ECF No. 35) is **GRANTED IN PART**, the Court finding Prudential's objections to request for production no. 11 waived as untimely.  *See* Fed. R. Civ. P. 34(b)(2)(A) (party to whom request for production is made must respond in writing within 30 days of service of the request); *Lairy v. Detroit Med. Ctr.*, No. 12-11668, 2012 U.S. Dist. LEXIS 152972, 2012 WL 5268706, at *1 (E.D. Mich. Oct. 23, 2012) ("As a general rule, failure to respond to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.") (quoting *Carfagno v. Jackson Nat'l Life Ins.*, No. 99-118, 2001 U.S. Dist. LEXIS 1768, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)).  Prudential must **PRODUCE** the documents requested in document request no. 11 of Plaintiff's First Request for Production of Documents (ECF No. 25-3, PageID.134), limited to

the relevant time period first identified by Plaintiff's counsel at the hearing—February 14, 2017 to the present—by **Thursday, February 18, 2021**.

The Court awards no costs, neither party having prevailed in full. Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**

Dated: January 26, 2021

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE