UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TWYLA KING,

        Plaintiff,

v.

NATIONAL
PROFESSIONAL
STAFFING, LLC, *et al.*,

        Defendants.

_____/

Case No. 2:20-cv-10400
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S REQUEST FOR CONTEMPT (ECF No. 84)

**I.**     **RECOMMENDATION**: For the reasons that follow, the Court should **GRANT** Plaintiff's request to hold non-party Elisha Hall ("Hall") in contempt. (ECF No. 84.)

**II.**     **REPORT**

    **A.**     **Background**

Except where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt for acts occurring outside the Magistrate Judge's presence. 28 U.S.C. §

636(e)(4).  Instead, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B) which provides, in pertinent part, as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Thus, as contemplated by 28 U.S.C. § 636(e)(6)(B), the Undersigned certifies these uncontested facts to Judge Cox:

1. Until approximately July 6, 2021, Hall was an employee and operations manager of Defendant Prudential Security, Incorporated ("Prudential").  (*See* ECF No. 84, PageID.1522, and as explained at the hearing.)  While Hall was still employed by Prudential, Defendant agreed that he would be made available for deposition on or before July 30, 2021.  (ECF No. 73, PageID.1243, ¶ 5.)[1]  Upon learning that Hall's employment with Defendant had ended, Plaintiff served a subpoena, dated August 2, 2021, on non-party Hall, directing his appearance for a deposition on August 17, 2021.  (ECF Nos. 84-2, 84-3, and as stated in Court.)

2. The proof of service for that subpoena indicates that a copy of the subpoena was delivered to "Mr Eli Hall" at 15442 Coyle St., Detroit, MI 48227 on August 4, 2021.  (ECF No. 84-3.)  Soon thereafter, Hall "called Plaintiff's counsel and confirmed his receipt of the subpoena and provided email and phone contact information." (ECF No. 84, PageID.1523.)  Plaintiff's

---

[1] The July 19, 2021 stipulation and order indicates that Defendant Prudential originally agreed to make "Eli" Hall available for deposition on or before July 30, 2021, but that it could no longer make him available because he was not a current employee of the company.  (ECF No. 73, PageID.1243, ¶ 7.)

2

    counsel twice sent subsequent reminders and instructions via email and Federal Express regarding remote attendance at the deposition.  (*Id.*; *see also*, ECF Nos. 84-4 & 84-5.)

3. Hall did not appear for his scheduled deposition via Zoom.

4. Plaintiff filed the instant motion for an order directing Hall to show cause as to why he should not be held in contempt under Fed. R. Civ. P. 45(g) for failure to appear at his deposition.  (ECF No. 84.)

5. On September 8, 2021, I granted the motion insofar as I ordered Hall to show cause in person on September 17, 2021 at 12:00p.m. and directed that the show cause order be served upon Hall "by regular mail and overnight courier…."  (ECF No. 88, PageID.1557.)

6. In compliance with that order, Plaintiff certified that it served a copy of the order upon Hall at his home residence by the double means directed, which Plaintiff's counsel stated on the record was the same address listed above for service of the subpoena, as well as by electronic mail.  (ECF No. 89.)

7. The show cause hearing was held on September 17, 2021, but Hall failed to appear.

8. As directed by the Court, following the hearing, Plaintiff's counsel filed a supplemental exhibit.  The exhibit contains Hall's e-mailed response to Plaintiff's counsel's electronic service of the Court's show cause order, in which Hall states: "I have retained a lawyer and do not plan on reporting.  Expect paperwork from my lawyer I'm [sic] regards to your harassment and unwanted solicitation of my services in regards to a matter I know nothing about.  Please don't not [sic] contact me anymore thank you." (ECF No. 90-1, PageID.1565.)

9. Plaintiff's counsel indicated on the record that although he asked Hall for the name of his attorney (*see* ECF No. 90-1, PageID.1566), Hall did not respond or provide counsel's name, nor has he been contacted by an attorney purporting to represent Hall.  Likewise, Defendant is unaware of any attorney who may be representing its former employee in this matter and no such attorney has filed a response, made an appearance or appeared at the show cause hearing on Hall's behalf.

3

**B.     Analysis**

Under Fed. R. Civ. P. 45, an attorney authorized to practice in the issuing court may issue and sign a subpoena commanding attendance at a deposition. Fed. R. Civ. P. 45(a)(1)(B) and (3). "Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). "The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Whether to hold a party in contempt is within the sound discretion of the district court, but the contempt power "should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A litigant may be held in contempt if it is shown "by clear and convincing evidence that he violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (citation and quotations omitted).

Once the moving party establishes its *prima facie* case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340

4

F.3d at 379 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). The burden requires the alleged contemnor to show "categorically and in detail" why he or she was unable to comply. *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). When evaluating an alleged contemnor's failure to comply with a court order, the court "also consider[s] whether the [individual] 'took all reasonable steps within [his or her] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 968-69 (6th Cir. 1989)).

    **C.**     **Discussion**

The Undersigned recommends that Plaintiff's request for contempt (ECF No. 84) be **GRANTED** and that the Court either order Hall to appear before Judge Cox voluntarily or issue a warrant for his arrest as necessary. Plaintiff has provided clear and convincing evidence that Hall violated definite and specific orders of the Court (the subpoena and show cause order) with knowledge of those orders. *See Cincinnati Bronze, Inc.*, 829 F.2d at 591. The subpoena appears to have been properly issued under Fed. R. Civ. P. 45(a)(1)(B) and (3). (ECF No. 84-2.) Further, it appears that Plaintiff properly served the subject subpoena upon Hall in accordance with Fed. R. Civ. P. 45(b)(1), by delivering a copy of the subpoena via process server to Hall, as well as the Court's show cause order in accordance with the service requirements set forth in that order (*see* ECF Nos. 84-

5

2, 84-3, 90-1), and Hall did not avail himself of the opportunity to argue otherwise at the show cause hearing.[2] Nor did Hall file a written response with the Court providing that he is unable to comply with the Court's orders.

### III.   SERVICE OF THIS REPORT AND RECOMMENDATION

The Clerk of the Court is directed to serve this report and recommendation on Elisha Hall at 15442 Coyle St., Detroit, MI 48227, and Plaintiff's counsel is directed to further serve a copy of it upon Hall by overnight courier, or upon any attorney who may have by then identified themselves in writing as representing Hall.

### IV.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

---

[2] There was some second-hand mention made at the hearing of service upon Hall's son, although it is unclear to the Court whether this was of the subpoena or the show cause order.  In any case, Hall appears to have acknowledged receipt of the subpoena, to be well-aware of both the subpoena and the show cause order, intentionally ignoring both, and did not file papers or come to Court to contest proper service, as attested to by the process server upon personal knowledge.

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: September 18, 2021

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE