UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Twyla King,

      Plaintiff,

v.                                                                Case No. 20-10400

National Professional Staffing, LLC, *et al.*,     Sean F. Cox
                                                                  United States District Court Judge
      Defendants.

_____/

## OPINION & ORDER

      Plaintiff brought this putative collective action against Defendants, claiming violations of

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  Plaintiff alleges that

Defendants have failed to pay Plaintiff, and other individuals employed as security guards, time-

and-a-half for overtime hours worked in violation of the FLSA.  Plaintiff now moves for

conditional certification of a collective action and requests permission to send notice to proposed

class members.  The motion has been briefed by the parties and the Court concludes that a

hearing is not necessary.  For the reasons set forth below, the Court concludes that Plaintiff has

met the lenient standard at this first stage of the two-step FLSA certification process.  Thus, the

Court will conditionally certify this as a collective action so that notice can be issued.

## BACKGROUND

      Acting through counsel, on February 14, 2020, Plaintiff Twyla King initiated this case by

filing a "Collective Action Complaint" against Defendants National Professional Staffing, LLC

("National"), Prudential Security, Inc. ("Prudential"), Carol Douglas, and Derek Wroblewski.

Plaintiff's Collective Action Complaint includes one count – "Unpaid Overtime Violation of The

1

Fair Labor Standards Act of 1938 ('FLSA')."   The "Introduction" section of the Complaint

describes the action as follows:

1.    This is a collective action brought on behalf of individuals who perform or have performed security guard services at residences and businesses for Defendants National [and Prudential] in the State of Michigan and who are classified by Defendants as independent contractors.

2.    Defendant Prudential . . . contracts with Defendant National . . . to provide security guards to perform for their customers.  Defendants control the manner in which these services are performed, and Defendants benefit from the performance of these services.  The individuals who perform these services, on whose behalf this collective and class action is brought, are improperly classified as independent contractors and are thus denied the protections of state and federal wage and hour laws.

3.    Plaintiff brings claims on behalf of herself and a class of similarly situated individuals (the"technicians") who have performed security guard services and have been mis-classified as independent contractors for Defendants throughout southeastern Michigan who may opt-in to this case under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Defendants have violated the FLSA by failing to pay these individuals time and one-half their regular rate for hours worked in excess of 40 hours per week.

(Compl. at 1-2).

The Complaint alleges that King is a Michigan resident "who provided security guard

services for Defendants in Michigan while classified 'independent contractor' from early

January 2019 until December 2019."  (Compl. at ¶ 6).  It alleges that Prudential is a Michigan

corporation that conducts business "throughout southeastern Michigan" as do Douglas and

Wroblewski.  (9-11).  It alleges that National "is a company having a principal place of business"

in Michigan, "out of which it provides security guard services to businesses and individuals

throughout southeastern Michigan, and serves as a subcontractor for" Prudential.  (Compl. at ¶

8).  The Complaint further alleges:

12.     Defendants hire individuals, including Plaintiff and others similarly situated, to perform security guard services in Michigan for their customers, as so-called "independent contractors."

13.     Although Defendants classify these security guards as "independent contractors," the nature of the services they perform, and the manner in which they perform these services, make it clear that they are actually employees who are economically dependent upon Defendants for their livelihood.

14.     Defendants required Plaintiff and other similarly situated security guards to work 5 to 7 days each week and shifts of at least 10 hours without any scheduled breaks.

15.     Defendants required Plaintiff and other similarly situated security guards cannot take any time off or work fewer than five to seven days in a week without prior approval from Defendants.

16.     Defendant Prudential required Plaintiff and other similarly situated security guards to report at the beginning and every hour after 11:00 p.m. until their night shift ends for the day.

17.     Defendants alone decide which security guard is assigned to each location, so Plaintiff and other similarly situated security guards have no choice about which job location or shift that they will work.

18.     Defendants also required that Plaintiff and other similarly situated security guards to purchase and wear uniforms while on their shifts.

19.     As a result of Defendants' requirement that Plaintiff and other similarly situated security guards work 5-7 days a week for 10+ hours shifts with no breaks or meals, they regularly work well over forty hours each work week.

20.     Defendants paid at or near the minimum wage and failed to pay any overtime premium for hours over forty.

21.     Defendants told Plaintiff that she was illegible for overtime wages, however, she was still required to work 50-60 hours per work week.

(*Id*. at ¶¶ 12-21).

Defendants Prudential and Wroblewski each filed an Answer to the Complaint. (*See*

3

ECF Nos. 8 & 19).

Defendants National and Douglas did not file answers to the Complaint and Plaintiff obtained a Clerk's Entry of Default as to both National and Douglas.  (*See* ECF Nos. 15 & 16).

After a scheduling conference with the parties, this Court issued a Scheduling Order on October 22, 2020, *with the dates requested by the parties*.  Those dates included a discovery deadline of June 25, 2021 and a motion cutoff of August 27, 2021.  (ECF No. 23).

On May 28, 2021, Plaintiff filed a motion seeking leave to file an amended complaint, in order to add two new entities, and ten unidentified "john doe" entities, some who have not yet even been created, as defendants in this case that was filed on February 14, 2020.

On June 11, 2021, before any ruling was made on their request to file an amended complaint to add twelve more defendants, Plaintiff filed "Plaintiff's Motion for Conditional Certification and Notice Pursuant To 29 U.S.C. §216(b)." (ECF No. 58).  This motion asks the Court to certify this case as a collective action against the existing Defendants, and issue a proposed notice to the class, along with opt-in forms.

Defendant Prudential filed a brief opposing Plaintiff's Motion for Conditional Certification.  (ECF No. 91).  Attorney Brent Leder filed a short brief, that relies on the brief filed by Prudential, on behalf of Wroblewski.  (ECF No. 92).[1]  Plaintiff filed a Reply Brief and, therefore, the motion has been fully briefed.

On July 29, 2021, Plaintiff filed a "Motion To Enter Default Judgment Against Defendants" National and Douglas.  (ECF No. 78).  In this motion, Plaintiff requests that,

---

[1]He also purported to file that motion on behalf of Douglas and National, but those defendants had Clerk's Entries of Default entered against them and have never moved to set them aside.

"following final judgment in this case, this Court" should "conduct a hearing to determine the amount of damages, interest, costs and attorney's fees that all Defendants as joint employers" should "be jointly and severally liable to pay." (*Id.* at 6). No one has responded to this motion.

On August 6, 2021, this Court issued an Opinion and Order denying Plaintiff's motion seeking leave to file an amended complaint in order to add twelve new defendants in this case. (ECF No. 80). On August 17, 2021, Plaintiff filed a motion seeking reconsideration of this Court's ruling on that motion. (ECF No. 83)

On October 1, 2021, Plaintiff filed a Motion for Partial Summary Judgment, seeking rulings that: 1) "Prudential security guards, including Plaintiff Twyla King and others, are 'employees' covered by" the FLSA; and 2) "Prudential is an 'employer' responsible under the FLSA." (ECF No. 94 at 2).

On November 4, 2021, Plaintiff filed a "Notice Of Filing Opt-In Consent Form On Behalf Of Charles Richardson." (ECF No. 102). On November 19, 2021, Plaintiff filed a notice regarding another person (Camille Williams) wishing to opt-in. (ECF No. 105). On December 1, 2021, Plaintiff filed a Declaration from Charles Richardson. (ECF No. 107-1)

## ANALYSIS

Plaintiff Twyla King's Motion for Conditional Certification presents two issues: 1) whether Plaintiff has met the lenient standard for conditional certification as an FLSA collective action under 29 U.S.C. § 216(b); and 2) whether this Court should authorize Plaintiff to send the proposed Notice and Consent Form to all members of the proposed FLSA Collective. (Pl.'s Br., ECF No. 58, at III). Plaintiff asks this Court to conditionally certify the following class:

> All individuals who were paid by any of the Defendants on a straight hourly basis
> without any overtime premium for hours worked over 40 in a workweek

5

performing services as security guards on Prudential job sites or for Prudential clients and were classified as independent contractors at any time since February 14, 2017.

(ECF No. 58 at PageID.655).[2]

Before determining whether to grant the requested relief, a brief review of the governing standards is appropriate.

## I.      Overview Of Certification Process For A Collective Action Under The FLSA

"Section 207(a) of the FLSA requires employers to pay time-and-a-half for employee labor exceeding forty hours per week." *Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 545 (6th Cir. 2006).  The FLSA allows employees to sue on their own behalf and for "similarly situated" persons. *Id.*

Section 216(b) of the FLSA "establishes two requirements for a representative action: 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer,* 454 F.3d at 546.  "Similarly situated persons are permitted to 'opt into' the lawsuit" and this type of suit is called a "collective action." *Id.*

A collective action differs from a class action in at least two respects.  *Taylor v. Pilot Corp*., 697 F. App'x 854, 857 (6th Cir. 2017).  "First, whereas Rule 23 creates a regime where class members are either bound by the litigation or must opt out of a suit to avoid becoming parties bound by any judgment, the FLSA requires employees to opt into the action." *Id.*

---

[2]The proposed class in Plaintiff's Complaint was limited to persons who worked "throughout the State of Michigan" while the current proposed class has no geographic limitation.  (Compl. at 1).  There has been no evidence to support, however, a class that includes persons who worked outside of Michigan.

"Second, whereas Rule 23 outlines a relatively detailed class-certification process, the FLSA says little about how collective actions should work." *Id*. "It never defines, for example, what it means for employees to be 'similarly situated.'" *Id.*

"The FLSA's silence has left trial courts to develop a method for managing collective actions." *Taylor*, 697 F. App'x at 857. "Generally, 'class certification' in a collective action unfolds in two stages." *Id.*

### A.     Stage One

"At stage one, the court supervises plaintiff's notice to employees who may become plaintiffs." *Taylor,* 697 F. App'x at 857. "The court will usually receive a motion from the plaintiff asking it to approve a letter informing employees that they may be 'similarly situated' to her and may consent to joining the action." *Id*. "At this point, the court conditionally decides which employees count as being 'similarly situated' to the plaintiff and thus eligible to receive a court-approved letter." *Id*. "Court and litigants often refer to this stage as 'conditional class certification.'" *Id.*

The plaintiff must show only that 'his position is similar, not identical, to the positions held by the putative class members.'" *Comer*, 454 F.3d at 546-47.   To be considered similarly situated, it is sufficient if the plaintiff's claims are "unified by common theories of defendants' statutory violations, even if the proofs of those theories are inevitably individualized and distinct." *Knispel v. Chrysler Group, LLC*, 2012 WL 553722 at *3 (E.D. Mich. 2012).  The district court's authorization of notice "need only be based on a modest factual showing." *Comer,* 454 F.3d at 546-47.  Thus, it is has been described by the Sixth Circuit as a "fairly lenient standard," that "typically results in 'conditional certification' of a representative class."

*Id.; see also* 7B Fed. Prac. & Proc. Civ. § 1807, *Collective Actions Under the Fair Labor Standards Act* (Noting that at "the first stage of the certification process, the court may grant conditional certification, applying a very lenient burden of proof." [3]

      During this first stage, the district court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. *Fisher v. Michigan Bell Tele. Co.*, 665 F.Supp.2d 819, 825 (E.D. Mich. 2009); *Knispel, supra, at *3*; *Brewer v. Alliance Coal,* LLC, 2021 WL 3057379 at *1 (E.D. Ky. July 20, 2021).

      Thus, at this notice stage, the certification is conditional "and by no means final." *Comer,* 454 F.3d at 546.

### B.    Stage Two

      Later, "[a]t stage two, the court reexamines whether the employees actually meet the similarly-situated requirement and should be allowed to proceed collectively." *Taylor*, 697 F. App'x at 857.  This second stage typically "occurs after 'all of the opt-in forms have been received" and discovery in the case has concluded. *Comer*, 454 F.3d at 546.  The second-stage review is far more stringent than in stage one.  In determining whether the class members are similarly situated at the second stage, district courts generally consider: 1) the factual and

---

    [3]Where the parties are afforded the opportunity to conduct discovery before seeking stage one conditional certification district courts "have employed different approaches" and some have used a standard described as a "modest-plus" standard. *Cross v. AMC Detorit, Inc*., 2019 WL 2570371 (E.D. Mich. 2019); *see also Waggoner v. U.S. Bankcorp*, 110 F. Supp.3d 759 (N.D. Ohio 2015); *Creely v. Atrium Ctrs, LLC*, 789 F.Supp.2d 819 (N.D. Ohio 2011). Here, however, Plaintiff's motion urges this Court to apply the "fairly lenient standard approved of in *Comer* and, in response, Defendants have done likewise.  (*See* Def. Prudential's Br. at 1 & 14) (Asserting that while the standard for granting conditional certification "is lenient, it is not non-exist[ant]" and arguing that "Plaintiff has not met this 'lenient' standard.").  As such, this Court will apply the standard referenced in the Sixth Circuit's decision in *Comer.*

employment settings of the individual plaintiffs; 2) the likely defenses that appear to be individual to each plaintiff; and 3) the degree of fairness and the procedural impact of resolving the claims collectively.  *Knispel, supra*, at *3; *Cross v. AMC Detroit, Inc*., 2019 WL 2570371 at *2 (E.D. Mich. 2019); *see also* 7B Fed. Prac. & Proc. Civ. § 1807, *Collective Actions Under the Fair Labor Standards Act* (Noting that, because of the "heavier burden of proof," at stage two, "courts have recognized that few actions will be certified at this stage.").

"If final certification is not granted, the [district] court decertifies[4] the class, dismisses the opt-in plaintiffs without prejudice, and permits any remaining individuals to proceed to trial." *Id*.  "However, if final certification is granted, the action proceeds to trial on a representative basis."  *Id.*

## II.    Application Of Applicable Stage-One Standard

Plaintiff's motion asks this Court to conditionally certify this action and asserts that she has meet her lenient burden at this first stage.

In response to Plaintiff's motion, Defendant Prudential argues that Plaintiff has not met the applicable lenient standard for stage-one certification.  (Def. Prud.'s Br. at 14)  Its argument is based in large part upon its assertions that: 1) Plaintiff's motion is based largely upon her own declaration (as opposed to declarations by others); 2) that "not a single other individual has submitted an opt-in form or evidenced an intent to join Plaintiff's collective action lawsuit," (*Id*. at 24-25); and 3) "Plaintiff presents no evidence related to her lawsuit that any individual

---

[4]As this Court noted in *Knispel*, at the second stage the action can also be "partially decertified" if only a subset can establish that they are similarly situated*. Knispel, supra*, at *3.

working for Prudential [as opposed to National] was paid improperly." (*Id*. at 23).[5]

Defendants have not directed this Court to any Sixth Circuit authority, however, that requires multiple declarations, or evidence that others wish to opt-into the case, at stage one. Moreover, in any event, the record as it now stands reflects otherwise. In addition to King's Declaration (ECF No. 58-4), the motion is also supported by declarations submitted by Alicia Wideman (ECF No. 95-2), Joshua Livingston (ECF No. 95-3), Amber Franks (ECF No. 95-4), and Charles Richardson. (ECF No. 107-1). The record also reflects that other individuals have expressed an interest in opting into this litigation. (*See* opt-in consent forms) (ECF Nos. 105-1 & 106-1).

Having considered Plaintiff's Complaint, her motion and her supporting materials, this Court finds that Plaintiff has met her modest burden of showing that she is similarly situated to the following collective, that tracks the class she proposed in the Complaint and is consistent with the arguments and supporting declarations presented by Plaintiff:

> All individuals who were paid by any of the Defendants on a straight hourly basis without any overtime premium for hours worked over 40 in a workweek performing services as security guards on Prudential job sites *in Michigan* or for Prudential clients *in Michigan* and were classified as independent contractors at any time since February 14, 2017.

(Pl.'s Compl. at 1; *see also* Pl.'s Br. at 11) (arguing "[t]hese individuals worked at Prudential jobsites around Michigan performing the same job duties.") (emphasis added).

Again, at the first stage, the plaintiff must show only that 'his position is similar, not

---

[5]Prudential also complains that Plaintiff should have filed her motion seeking conditional certification sooner. While Plaintiff certainly could have moved for conditional certification sooner, the parties jointly agreed to the Scheduling Order they requested from this Court. "Defendants cannot now turn that mutual agreement into a sword to use against Plaintiff [ ] by faulting [her] for not moving for conditional certification earlier." *Creely,* 789 F.Supp.2d at 828.

identical, to the positions held by the putative class members.'" *Comer*, 454 F.3d 546-47.   The

district court's authorization of notice "need only be based on a modest factual showing." *Id.*

Thus, it has been described as a "fairly lenient standard," that "typically results in 'conditional

certification' of a representative class." *Id.*   District courts generally allow the plaintiff to show

that the potential claimants are similarly situated by making a modest factual showing sufficient

to demonstrate that they and potential plaintiffs together were victims of a common policy or

plan that violated the law. *Knispel, supra*, at 4.

Here, all of the individuals in the proposed collective worked as security guards classified

as 1099 independent contractors.  Plaintiff has presented evidence to show that those individuals

worked at Prudential jobsites throughout Southeastern Michigan, performing the same or similar

job duties. (King Decl.; Livingston Decl.; Wideman Decl.)  Plaintiff has also presented some

evidence to show that they were paid on an hourly basis, regardless of how many hours per week

they worked.  (*See, e.g.*, ECF No. 58-3, National Deposition Tr. at 39) (wherein Wroblewski

testified that because National never classified security guards as employees, it never paid them

time-and-a-half for overtime.)  Plaintiff has submitted evidence that individuals in the collective

worked over forty hours in a workweek but were not paid time-and-a-half for overtime hours

worked.  (*Id.*; King Decl.; Livingston Decl.).  Thus, Plaintiff has made the *minimal showing*

required at this stage, to show that the members of the collective were victims of the same policy

or practice that denied them overtime pay.

Accordingly, this Court grants conditional certification at stage one.  This ruling,

however is "by no means final."  Defendants will have the opportunity to seek decertification at

stage two and, if successful, the action may either be decertified entirely or only a subset could

11

be allowed to proceed.

### III.    Notice To The Collective

Plaintiff attaches, as Exhibit 13 to her motion, a proposed notice that would be used to send written notice to potential opt-in plaintiffs.   Plaintiff asks the Court to allow her "to send the attached Notice and Opt-in Form by First Class Mail and e-mail to all 1099 security guards who worked for Defendants on Prudential job sites during the past three years." (Pl.'s Motion for Cond. Cert. at 13).

To facilitate the sending of notice, Plaintiff asks this Court to "order Defendants to produce the names, last known mailing and e-mail addresses, telephone numbers, dates of employment, job title(s), work location(s), and last four digits of Social Security Numbers for all collective members in electronic and importable format within seven (7) days after this Court grants Plaintiff's Motion."  (*Id*. at 15).  Plaintiff states that, after Defendants have done so, "Plaintiff's counsel will send notice to the FLSA Collective within seven (7) days.  After notices have been issued, collective members should be given a 90-day window to return a signed consent form" to Plaintiff's counsel.  (*Id*. at 15).  Plaintiff proposes "that collective members be given the option to return the form by mail, email, facsimile, or electronically."  (*Id*. at 16).

"Finally, Plaintiff proposes that a 'reminder' notice be sent forty-five (45) days prior to the close of the opt-in period (i.e., halfway through the opt-in period)."  (*Id*.).

Defendants' response briefs oppose conditional certification.  But they do not address, or challenge, any of Plaintiff's requests concerning notice to the collective, the sending out of a reminder notice, or the Court ordering Defendants to provide the information identified above.  (*See* ECF Nos. 91 & 92).

Nevertheless, this Court must still consider these requests and determine if they are warranted.

Having reviewed Plaintiff's requests, and the authority cited in support of those requests, the Court will allow Plaintiff to send notices to the proposed collective by first class mail and by e-mail.  The Court also approves of the sending of a reminder notice, to be issued mid-way through the window provided for returning a signed consent form.

But the Court concludes that Defendants should not be ordered to provide Plaintiff's counsel with all of the information requested.  Other courts, including decisions cited by Plaintiff, have concluded that production of information concerning social security numbers is not appropriate.  *See, e.g., Delgado v. Ortho-McNeil, Inc.*, 2007 U.S. Dist. LEXIS 74731 at * 10 (C.D. Calf. 2007).  And Plaintiff's counsel has not explained the need for that information, or for the other information requested (ie., telephone numbers, dates of employment, job titles and work locations).  The Court concludes that Defendants should be required to provide the names, last known mailing address and e-mail addresses only and denies the request for this additional information without prejudice.[6]

The Court also concludes that a window of 60 days (as opposed to 90 days) is more than sufficient time for the return of any signed consent forms to Plaintiff's counsel.  If Plaintiff's counsel wishes to do so, he may send a reminder notice to the collective thirty days prior to the deadline for returning opt-in forms to counsel.

## CONCLUSION & ORDER

---

[6]If Plaintiff's counsel believes that this additional information is truly required for the purposes of mailing/e-mailing the notices to the collective, Plaintiff may file a motion explaining why that information is needed to do so.

For the reasons set forth above,  IT IS ORDERED that Plaintiff's Motion for Reconsideration, seeking reconsideration of this Court denial of her motion to amend (that sought to add twelve additional defendants to this case more than a year and a half after it was filed) is DENIED for lack of merit.

IT IS FURTHER ORDERED that Plaintiff's Motion For Conditional Certification is GRANTED and this Court conditionally certifies the following class:  "All individuals who were paid by any of the Defendants on a straight hourly basis without any overtime premium for hours worked over 40 in a workweek performing services as security guards on Prudential job sites in Michigan or for Prudential clients in Michigan and were classified as independent contractors at any time since February 14, 2017."  The Court FURTHER ORDERS THAT:

1.  Within fourteen (14) days of this Opinion and Order, Defendants shall provide Plaintiff's counsel with the names, along with last known mailing and e-mail addresses, for all collective members in electronic and importable format;

2.  Within seven (7) days of having received that information from Defendants, Plaintiff's counsel shall send a copy of the approved notice (with the "in Michigan" geographic limitation and the appropriate deadline for returning the form, sixty (60) days after it is sent) to those individuals by both first class mail and by e-mail; and

3.  Plaintiff may send a "reminder" notice to those individuals thirty (30) days prior to the end of the opt-in period, by both first class mail and e-mail.

IT IS FURTHER ORDERED that Plaintiff's October 1, 2021 Motion for Partial Summary Judgment is DENIED WITHOUT PREJUDICE.  The Court will issue a new Scheduling Order, that will include a date for filing dispositive motions, after the next Status Conference.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
Dated:  December 13, 2021                    United States District Judge